Richardson, J.
delivered the opinion of the Court.
The conviction of the defendant evidently arose, in a great degree, from the circumstantial facts of his conduct, preliminary to his taking the pork. Such conduct in connexion with the positive taking the pork deposited in the suspected barrel, after such vigilant caution, in looking around several times, as if guarding against being seen; then denying he had any pork, but his own ; when three witnesses had seen him take it into the smoke house; and his denunciation, when told of the plot to detect his cunning mode of trading illicitly, with the help of a barrel. These, when unexplained, betrayed the habitual trader.
As to the legal competency of such evidence ; it was all of the class of circumstantial evidence at common law, and although not conclusive of the charge, yet when no explanation appeared, warranted the finding of the jury, by the force of inferences, which when wholly unrebuted, are sometimes irresistible, especially in illicit trading and retailing spirits; in which ingenious devices are as common as in smuggling, or usury, and often betray the oifender. As to the evidence of the witness, Hogue, if it indicated guilt, at least it consisted of the defendant’s own voluntary declarations; and therefore, could not but be good against himself. Altogether the case made was exclusively for the jury to decide upon; and there being no alleviating circumstances, or character, to repel the idea of guilt, this Court cannot interfere. The motion is dismissed.
O’Neall, J. EvaNs, J. and Frost, J. concurred.

Motion refused.